UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIA SHUMATE, on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 1:17-cv-03574-RLY-MPB ) |
| GENESCO, INC., HAT WORLD, INC. d/b/a LIDS SPORTS GROUP, | ) ) ) ) |
| Defendants. | ) |

**ENTRY ON PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION, EXPEDITED OPT-IN DISCOVERY, AND COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS**

Plaintiff, Julia Shumate, filed the present lawsuit against her former employer, Hat World, Inc., d/b/a Lids Sports Group ("Lids"), and its parent corporation, Genesco, Inc. ("Defendants"), alleging overtime violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01 and 4111.14 ("OMFWSA"), in the United States District Court for the Southern District of Ohio. The case was transferred here on October 4, 2017.

In the present motion, Plaintiff seeks conditional certification of a collective action under the FLSA and approval for a notice to prospective members of the collective action to allow them the opportunity to opt-in to the case. Defendants oppose Plaintiff's requests. The court, having read and reviewed the parties' submissions and the applicable law, now **GRANTS** Plaintiff's Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Plaintiffs.

1

I.     **General Background**

Plaintiff was employed by Lids as a non-exempt store manager between December 2014 and June 2015 at Defendants' Lids Store located at Polaris Fashion Place, 1500 Polaris Park, Columbus, Ohio 43240. (Filing No. 28-2, Declaration of Julia Shumate ("Shumate Decl.") ¶ 1). She was paid a fixed salary under the fluctuating work week ("FWW") method of payment. (Filing No. 27, Am. Compl. ¶ 36). This method, described in 29 C.F.R. § 778.114, allows an employer to pay an employee who works a fluctuating, irregular work week a fixed weekly salary regardless of the hours worked whether they exceed or fall below 40 hours in a given work week. 29 C.F.R. § 778.114. It further permits the employer to pay an employee a minimum rate of one-half (not the typical one and one-half) his or her regular rate for overtime hours worked. *Id.* In her First Amended Complaint, Plaintiff alleges that in addition to overtime compensation, she and similarly situated store employees were paid bonuses in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Ohio Minimum Fair Wage Standards Act,[1] O.R.C. §§ 4111.01 and 4111.14 (First Am. Compl. ¶ 35). Additionally, she alleges that all store managers were subject to the same employment, timekeeping, and payroll policies, practices and procedures. (*Id.* ¶ 28).

Plaintiff seeks conditional certification of the following class:

> All former and current non-exempt store managers of Genesco, Inc. and/or Hat World, Inc., d/b/a LIDS Sports Group who were paid overtime under the

---

[1] The Sixth Circuit noted that Ohio's wage and hour law "parallels the FLSA" and, as such, the issues on appeal involving both laws would be addressed "in a unitary fashion." *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 69 n.2 (6th Cir. 1997).

fluctuating workweek method at any time between February 2, 2014 and the present.

(Shumate Decl. ¶ 9).

## II. Discussion

This motion was filed in the Southern District of Ohio before the case was transferred pursuant to 28 U.S.C. § 1404; consequently, the parties rely on Sixth Circuit law. This raises the question of whether Sixth Circuit or Seventh Circuit precedent applies to Plaintiff's motion. "Although the law of the transferor court continues to apply when a diversity case is transferred from one district court to another under § 1404(a), *see Van Dusen v. Barrack*, 376 U.S. 612, 639 [] (1964)," the law of the transferee court generally applies to the interpretation of federal issues. *McMasters v. United States*, 260 F.3d 814, 819 (7th Cir. 2001). Accordingly, the court applies the law of the Seventh Circuit to Plaintiff's motion for conditional certification of her FLSA claim, and applies Ohio law to Plaintiff's OMFWSA claim.

### A. Conditional Certification

Under the FLSA: "[N]o employer shall employ any of his employees who in any workweek is engaged in commerce . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Section 16(b) of the FLSA "gives employees the right to bring a private cause of action on their own behalf and on behalf of 'other employees similarly situated' for specified violations of the FLSA. 29 U.S.C. § 216(b).

A suit brought on behalf of other employees is known as a 'collective action.'" *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013) (quoting *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989)). Unlike a Rule 23 class action, potential class members in a collective action must affirmatively opt-in to be bound, while in a Rule 23 action they must opt out to not be bound. *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010) (citing 29 U.S.C. § 216(b)); *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008).

Because the FLSA does not specify how collective actions are to proceed, the management of these actions has been left to the discretion of the district courts. *See Hoffman-LaRoche*, 493 U.S. at 171-72. In this circuit, district courts generally apply a two-step inquiry in determining whether the FLSA claim should proceed as a collective action. "'At the first stage, the court makes an initial determination whether notice should be sent to potential opt-in plaintiffs who may be similarly situated to the named plaintiff.'" *Hudson v. Protech Sec. Grp., Inc.*, 237 F. Supp. 3d 797, 799 (N.D. Ill. 2017) (quoting *Steger v. Life Time Fitness, Inc.*, No. 14-6056, 2016 WL 6647922, at *1 (N.D. Ill. Nov. 10, 2016)); *see also Genesis Healthcare Corp.*, 569 U.S. at 69 ("The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court."). To establish that the opt-in plaintiffs are similarly situated, the named plaintiff must make a modest factual showing that she and the potential plaintiffs are similarly situated. *Williams v. Angie's List, Inc.*, 223 F. Supp. 3d 779, 782 (S.D. Ind. 2016). In making a determination as to similarity, a plaintiff cannot rely solely on the

4

allegations of her complaint. *Molina v. First Line Solutions LLC*, 566 F. Supp. 2d 770, 786 (N.D. Ill. 2007). Instead, she must "'provide some evidence in the form of affidavits, declarations, deposition testimony, or other documents to support the allegations that other similarly situated employees were subjected to a common policy that violated the law." *Nicks v. Koch Meat Co., Inc.*, 2017 WL 4122743, -- F. Supp. 3d -- , (N.D. Ill. Sept. 18, 2017) (quoting *Pieksma v. Bridgeview Bank Mortg. Co., LLC*, No. 15 C 7312, 2016 WL 7409909, at *1 (N.D. Ill. Dec. 22, 2016)). If a plaintiff makes this modest factual showing, then notice and the opportunity to opt-in to the action can be sent to the employees who are similarly situated to the named plaintiffs, and the action then proceeds through discovery as a collective action. *Brickel v. Bradford-Scott Data Corp.*, 2010 WL 145348, at *2 (N.D. Ind. Jan. 11, 2010) (citing *Ashley v. Lake County*, 2007 WL 1549926, at *2 (N.D. Ind. May 24, 2007)).

At the initial "notice stage," the court does not consider the merits of the named plaintiff's claims, determine credibility, or consider opposing evidence presented by a defendant. *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 855-56 (N.D. Ill. 2013) ("The court does not make merits determinations, weigh evidence, determine credibility, or specifically consider opposing evidence presented by a defendant."); *Nehmelman v. Penn. Nat'l Gaming, Inc.*, 822 F. Supp. 2d 745, 751 (N.D. Ill. 2011). Instead, it analyzes the pleadings and any affidavits to determine whether a modest showing has been made. *Williams*, 223 F. Supp. 3d at 783.

The second step, which occurs after discovery is completed, is more stringent. Once the court has determined which employees will be part of the class, "the court must

reevaluate the conditional certification to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Nicks*, 2017 WL 4122743, at *5. At that time, the defendant may move to decertify. *Id.*

The allegations of Plaintiff's First Amended Complaint reflect that she and the class are similarly situated in several ways. First, they are/were employed by Lids as store managers. (First Am. Compl. ¶¶ 2, 13, 24, 51, 52). Second, they sold Defendants' goods and performed other work directly related to the selling of Defendants' goods. (*Id.* ¶ 27). Third, they were classified by Defendants as non-exempt employees. (*Id.* ¶¶ 2, 24, 51). Fourth, they were paid by Defendants on a salary basis, plus overtime compensation at the rate of one-half times their regular rate of pay, under the U.S. Department of Labor's FWW method, plus bonuses. (*Id.* ¶¶ 2, 38). Fourth, they work/worked in excess of 40 hours per week. (*Id.* ¶¶ 2, 25, 67). Fifth, Defendants applied the same employment, timekeeping, and payroll policies, practices, and procedures to all of them. (*Id.* ¶ 28). Sixth, pursuant to Defendants' policies, practices, and procedures, they had the same work experience. (*Id.* at ¶ 29). Seventh, they were not paid overtime compensation at the rate of one and a half times their hourly rate for the hours they worked in excess of 40 each workweek. (*Id.* ¶¶ 2, 33, 52, 56).

In addition to the allegations in Plaintiff's First Amended Complaint, Plaintiff submitted the declarations of herself, Donald Conley, Terry Polley, and Richard Smith. (*See* Shumate Decl.; Filing No. 28-3, Declaration of Donald Conley ("Conley Decl."), Declaration of Terry Polley ("Polley Decl"), Declaration of Richard Smith "Smith

6

Decl"). While the declarations are nearly identical, each declarant specifies his/her dates and place of employment with Defendants. Each also declares that he/she: (1) was employed by Lids as a store manager; (2) was paid a fixed salary regardless of the hours worked; (3) frequently worked overtime; (4) overtime was calculated at the rate of one-half their regular hourly rate; (5) was paid bonuses based on meeting certain sales quotas; and (6) was not fully compensated for all of the overtime hours he/she worked. (*See generally* Conley Decl., Polley Decl., Smith Decl.). Defendants object to these declarations because, they argue, they provide no foundation for their observations that Lids did not fully pay "other employees" overtime compensation. (*See* Shumate Decl. ¶ 7; Filing No. 28-3, Conley Decl. ¶ 9 ("I observed that Lids did this to other employees, and I believe I am similarly situated to these employees."); Declaration of Terry Polley ¶ 9 (same); Declaration of Richard Smith ¶ 9) (same)). At this stage of the litigation, a plaintiff seeking conditional certification need not meet the evidentiary standards of Federal Rule of Civil Procedure 56. *Boltinghouse v. Abbott Labs., Inc.*, 196 F. Supp. 3d 838, 842 (N.D. Ill. 2016) (citing *White v. MPW Indus. Servs., Inc.*, 236 FR.D. 363, 369 (E.D. Tenn. 2006)). Accordingly, Plaintiff may rely upon these declarations in support of her motion.

Defendants do not dispute the facts set forth in the Plaintiff's and proposed opt-in plaintiffs' declarations. Indeed, the twenty-one (21) declarations from store managers nationwide, produced by Defendants, actually support the similarities set forth above. *See*, *e.g.*, Filing No. 41-1, Declaration of Nicole Bonamassa ¶¶ 8-9, Declaration of Lieu Bou ¶¶ 8-10, Declaration of Nicol Carrasquilla ¶ 11; Declaration of Nelson Curet ¶¶ 8-9).

7

Therefore, the court finds Plaintiff and the potential opt-in plaintiffs are similarly situated for purposes of step one of the analysis. The fact that Defendants submitted more declarations than Plaintiff does not persuade the court otherwise. *See Nehmelman*, 822 F. Supp. 2d at 748 (declarations from representative plaintiff and four former employees sufficient); *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 629 (W.D. Wisc. 2009) (declarations from two representative plaintiffs and one employee sufficient).

Defendants raise a number of arguments against Plaintiff's motion. First, Defendants argue their payment structure is consistent with the "fixed salary" contemplated under the FWW method; therefore, the policy is not unlawful. *See Lalli v. Gen. Nutrition Ctrs., Inc.*, 814 F.3d 1, 8 (1st Cir. 2016) (holding that performance-based bonuses, which are not tied to the number of hours worked, are permissible under the FWW method). This argument goes to the merits of Plaintiff's claims and is, therefore, not properly addressed at step one of the certification analysis. *Nehmelman*, 822 F. Supp. 2d at 751.

Second, Defendants argue this case is not appropriate for conditional certification because whether an employee is exempt or non-exempt requires a highly individualized inquiry. In this circuit, however, "[c]oncerns regarding a lack of common facts among potential class members and the need for individualized inquiries" should be raised at step two, not step one. *Boltinghouse*, 196 F. Supp. 3d at 842 (quoting *Lukas v. Advocate Health Care Network and Subsidiaries*, No. 14 C 2740, 2014 WL 4783028, at *3 (N.D. Ill. Sept. 24, 2014) (internal quotation marks omitted)). Discovery will permit the parties to show which putative class members, if any, are exempt, and which are not. "'At this

8

stage, it is sufficient that Plaintiff ha[s] shown that [Defendants have a policy] applied uniformly to all potential plaintiffs and that the policy appears to be inconsistent with FLSA regulations.'" *Id.* (quoting *Binissia v. ABM Indus., Inc.*, No. 13 C 1230, 2014 WL 793111, at *5 (N.D. Ill. Feb. 26, 2014)).

Lastly, Defendants argue that because certain putative opt-in plaintiffs, including Smith, have signed arbitration agreements, they should not be included in the collective action. Defendants' argument assumes that the arbitration agreements are valid and enforceable. This raises a merits-based defense that is best addressed at step two of the certification analysis, after discovery has concluded. *Woods v. Club Cabaret, Inc*. 140 F. Supp. 3d 775, 783 (C.D. Ill. 2015) (noting that "any issues related to opt-in plaintiffs with arbitration agreements can be addressed at step-two of the class certification process, where the number, timing, and circumstances surrounding such clauses can be most appropriately addressed after discovery is concluded). Accordingly, for this and for the other reasons advanced by Plaintiff, the court finds she has made a modest factual showing that she and the potential opt-in plaintiffs were victims of a common policy that violated the FLSA.

### B. Plaintiff's Proposed Class Definition

Defendants argue Plaintiff's collective action should be limited to: (1) a two year statute of limitations; and (2) stores where Plaintiff and the declarant worked.

Defendants claim that Plaintiff's proposed class definition (a three-year period) is too broad because, in the absence of a knowing violation of or reckless disregard for the FLSA on the part of the employer, the statute of limitations is two years. 29 U.S.C. §

255(a). Plaintiff alleged in her Complaint that the Defendants willfully violated the FLSA. (First. Am. Compl. ¶¶ 58, 72, 73, and 75). A conclusory allegation of willfulness "is sufficient to justify providing notice to the putative class on the basis of the potentially applicable three-year period." *Sylvester v. Wintrust Fin. Corp.*, 2013 WL 5433593, at *5 (N.D. Ill. Sept. 30, 2013) (citing *Rosario v. Valentine Ave. Discount Store, Co., Inc.,* 828 F.Supp.2d 508, 519 (E.D.N.Y.2011) (explaining that statute of limitations issues can be addressed after notice and discovery)). Consequently, notice should be sent to all potential class members who may have valid claims. The applicable statutory period shall look back from the date of approval of the notice,[2] and not the filing of the lawsuit. *See Nehmelman*, 822 F. Supp. 2d at 764; *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-cv-253, 2015 WL 853234, at *3 (S.D. Ohio Feb. 26, 2015).

Defendants next argue the collective class should be limited to the stores where Plaintiff and the two declarants worked as store managers. The court disagrees. Plaintiff submitted sufficient information that all store managers employed by Defendants were subject to the same pay structure and policies. The declarations of the store managers submitted by Defendants provide additional support for Plaintiff's nationwide claims.

**C. Opt-In Discovery**

Plaintiff attached to her motion a set of opt-in discovery requests. Therein, Plaintiff seeks the identity, contact information, and pertinent employment dates of all

---

[2] Unlike Rule 23 class actions, the FLSA statute of limitations runs until each opt-in plaintiff files a written consent to join the action. *Knox v. Jones Grp.*, 208 F. Supp. 3d 954, 966 (S.D. Ind. 2016).

former and non-exempt store managers of Genesco, Inc. and/or Hat World, Inc., d/b/a LIDS Sports Group, who were paid overtime under the fluctuating workweek method at any time between February 2, 2014 and the present. Defendants object on grounds that the discovery requests invade the privacy of prospective opt-in plaintiffs.

In *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550 (N.D. Ill. 2008), the defendants challenged plaintiffs' request for the names, addresses, and telephone numbers of putative class members. *Id.* at 554. The court weighed the plaintiffs' compelling need for the discovery and whether the need outweighed the employees' privacy rights. *Id*. The court concluded that "[d]ue process requires an opportunity to discover this information at the present stage of litigation, and such due process rights are more compelling than the privacy rights of potential plaintiffs' addresses and phone numbers." *Id.*

The court finds Plaintiff is entitled to discover the names, addresses, telephone numbers, email addresses, and dates of employment of similarly situated employees to inform them of this pending action. *See also Knox v. Jones Grp.,* 208 F. Supp. 3d 954, 963-64 (S.D. Ind. 2016) (noting that "nowadays, communication through email is the norm") (citation omitted); *Nehmelman*, 822 F. Supp. 2d at 767 (finding plaintiff was entitled to discover the names, addresses, and telephone numbers of potential class members); *North v. Bd. of Trs. of Ill. State Univ.*, 676 F. Supp. 2d 690, 700 (C.D. Ill. 2009) (same). The information provided by Defendants as to their employees' contact information is to be produced to Plaintiff's counsel only, and may only be used in this

litigation. This will adequately protect the privacy rights of putative class members while ensuring Plaintiff the opportunity to effectively pursue her case.

### D. Notice

Within twenty (20) days of the date of this Order, the parties shall file with the court proposed language for notification and consent forms to be issued via First-Class Mail, apprising potential plaintiffs of their rights under the FLSA to opt in as parties to this litigation. In drafting the proposed notification language, the parties should "be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman-LaRoche,* 493 U.S. at 174.

## III. Conclusion

For the foregoing reasons, Plaintiff has demonstrated that she is similarly situated to current and former store managers of Genesco, Inc. and/or Hat World, Inc., d/b/a LIDS Sports Group. Accordingly, Plaintiff's Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs (Filing No. 28) is **GRANTED**. Within thirty (30) days of the date of this Order, Defendants shall fully answer Plaintiff's Expedited Opt-In Discovery, and shall provide to Plaintiff's counsel an Excel spreadsheet containing the name, last known home address with zip code, last known telephone number, last known email address, and dates of employment,

of all former and non-exempt store managers of Genesco, Inc., and/or Hat World, Inc., d/b/a LIDS Sports Group, who were paid overtime under the fluctuating workweek method at any time between February 2, 2014 and the present.

**SO ORDERED** this 2nd day of January 2018.

                                        _____
                                        RICHARD L. YOUNG, JUDGE
                                        United States District Court
                                        Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.