UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JULIA SHUMATE, on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:17-cv-3574-RLY-MPB |
| GENESCO, INC., HAT WORLD, INC. d/b/a LIDS SPORTS GROUP, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS and PLAINTIFF'S CROSS-MOTION TO FILE SECOND AMENDED COMPLAINT**

Plaintiff, Julia Shumate, is a former store manager of Hat World, Inc., d/b/a Lids Sports Group ("Lids"), who was paid a fixed salary under the fluctuating work week ("FWW") method of payment. Specifically, this method, described in 29 C.F.R. § 778.114, allows an employer to pay an employee who works a fluctuating, irregular work week a fixed weekly salary regardless of the hours worked whether they exceed or fall below 40 hours in a given work week. It further permits the employer to pay an employee a minimum rate of one-half his or her regular rate for overtime hours worked. In the present case, Plaintiff alleges that in addition to overtime compensation, she and similarly situated store employees, were paid bonuses based on their sales performance,

1

in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and the Ohio Minimum Fair Wage Standards Act,[1] O.R.C. §§ 4111.01 and 4111.14 (Filing No. 27, First Am. Compl. ¶ 35).

Case law generally holds that performance-based bonuses, which are not tied to the number of hours worked, are permissible under the FWW method. *Lalli v.Gen. Nutrition Ctrs., Inc.*, 814 F.3d 1, 8 (1st Cir. 2016); *Wills v. RadioShack Corp.,* 981 F. Supp.2d 245, 256 (S.D.N.Y. 2013); *Ouellette v. Fresh Market, Inc*., No. 3:13-cv-1027 (AWT), 2015 WL 13505210, at *3 (D.Conn. March 25, 2015) (citing *Wills*, 981 F. Supp. 2d. at 257); *Soderberg v. Naturescape, Inc.*, No. 10 Civ. 3429, 2011 WL 11528148, at *4-5 (D. Minn. Nov. 3, 2011)). Defendants' Motion to Dismiss is based on that legal ground.

In response, Plaintiff defends the merits of her First Amended Complaint, and in the alternative, cross-moves for leave to file a Second Amended Complaint. The proposed Second Amended Complaint attempts to cure the purported deficiencies in the First Amended Complaint by alleging that "bonuses for store managers were tied to hours worked by store managers in various ways. . . ." (*See* Filing No. 49-6, Proposed Second Am. Compl. ¶ 36-39). Defendants argue Plaintiff's motion should be denied because (1) Plaintiff has acted in bad faith, (2) unduly delayed bringing the proposed claims, and (3)

---

[1] The Sixth Circuit noted that Ohio's wage and hour law "parallels the FLSA" and, as such, the issues on appeal involving both laws would be addressed "in a unitary fashion." *Douglas v. Argo-Tech Corp.,* 113 F.3d 67, 69 n.2 (6th Cir. 1997).

Allowing the amendment would result in undue prejudice to them.

This case was filed in the United States District Court for the Southern District of Ohio on February 22, 2017, and on May 25, 2017, Plaintiff was granted leave to amend her Complaint. On October 4, 2017, the Southern District of Ohio granted Defendants' motion to transfer venue to the Southern District of Indiana. Three pending motions were also transferred here—the present Motion to Dismiss, Plaintiff's Motion for Conditional Certification, and Defendants' Motion to Dismiss Opt-In Plaintiff Richard A. Smith's Claims in Favor of Arbitration. While granting leave to amend will require the court to deny Defendants' Motion to Dismiss, it will not affect the other two pending motions. Furthermore, except for a court order requiring Defendants to produce to Plaintiff her payroll records, Defendants have yet to engage in any discovery efforts. And lastly, the court fails to see, on the record before it, any bad faith or undue delay on the part of Plaintiff. Therefore, Plaintiff's Cross-Motion for Leave to File Second Amended Complaint is **GRANTED** and Defendants' Motion to Dismiss (Filing No. 40) is **DENIED**. Plaintiff is **ORDERED** to file her Second Amended Complaint within five (5) days of the date of this Order.

**SO ORDERED** this 2nd day of January 2018.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.