**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JULIA E. SHUMATE | ) | CASE NO. 1:17-cv-3574-RLY-MPB |
| 694 Garfield Avenue, Apartment D | ) | |
| Newark, Ohio 43055 | ) | |
| | ) | JUDGE RICHARD L. YOUNG |
| On behalf of herself and all others | ) | |
| similarly-situated, | ) | |
| | ) | MAGISTRATE JUDGE MATTHEW P. |
| Plaintiff, | ) | BROOKMAN |
| v. | ) | |
| | ) | |
| GENESCO, INC. | ) | **PLAINTIFF'S SECOND AMENDED** |
| 1415 Murfreesboro Pike | ) | **CLASS AND COLLECTIVE ACTION** |
| Nashville, Tennessee 37217 | ) | **COMPLAINT** |
| | ) | |
| c/o Corporation Service Company | ) | |
| 50 West Broad Street, Suite 1330 | ) | (Jury Demand Endorsed Herein) |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HAT WORLD, INC., d/b/a LIDS | ) | |
| SPORTS GROUP | ) | |
| 10555 Lids Way | ) | |
| Zionsville, Indiana 46077 | ) | |
| | ) | |
| c/o Corporation Service Company | ) | |
| 50 West Broad Street, Suite 1330 | ) | |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Julia Shumate, by and through counsel, and behalf of herself and all others similarly-situated, and for her First Amended Class and Collective Action Complaint against Defendants Genesco, Inc. and Hat World, Inc., d/b/a LIDS Sports Group, and states as follows:

## INTRODUCTION

1.      This is a "collective action" instituted by Plaintiff Julia Shumate to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of Ohio Revised Code §§ 4111.03 and 4111.14 on behalf of a class of Ohio employees represented by named Plaintiff Julia Shumate.

2.      Named Plaintiff Julia Shumate and other similarly-situated store managers were employed by Defendants as non-exempt, salaried, store managers.  In violation of the FLSA, Defendants failed to pay Plaintiff and other similarly-situated store managers overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, and attempted to pay them one-half times their regular rate of pay according to the U.S. Department of Labor's Fluctuating Workweek ("FWW") method of payment.  Defendants, however, unlawfully used the FWW method of payment by failing to pay Plaintiff and other similarly-situated store managers a fixed weekly straight time pay rate .  By unlawfully using the FWW method of payment, Defendants also violated Ohio Revised Code § 4111.03 in as much as Defendants failed to pay named Plaintiff Julia Shumate and other members of the Ohio class at the prescribed rate of one and one-half times their regular wage rate of pay.

3.      Additionally, Defendants made improper paycheck deductions from the paychecks of Plaintiff and other similarly-situated store managers, which resulted in Defendants' failure to comply with the requirements of the FLSA, including 29 U.S.C. § 206, and R.C. § 4111.10, by not paying Plaintiff and other similarly-situated current and former store managers the applicable minimum wage for all of the hours they worked each workweek.  This also invalidates any attempt to use the FWW method.

**JURISDICTION AND VENUE**

4.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.     This Court has supplemental jurisdiction over Plaintiff's Ohio law and Ohio Constitutional claims pursuant to 28 U.S.C. § 1367.

6.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business within this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

7.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

8.     At all relevant times herein, Plaintiff Julia Shumate was a citizen of the United States and is an individual residing at 694 Garfield Avenue Apartment D, Newark, Ohio 43055.

9.     At all relevant times herein, Plaintiff was employed by Defendants from November 2010 until June 2015, including from November 2010 to December 2014 as an "assistant manager" at Defendants' Lids Store located at Easton Town Center, Columbus, Ohio 43219, and from December 2014 to June 2015 as a "store manager" at Defendants' Lids Store located at Polaris Fashion Place, 1500 Polaris Park, Columbus, Ohio 43240.

10.     Plaintiff has given written consent to bring this action to collect unpaid wages. (See Doc. No. 1).

11.     At all relevant times herein, Plaintiff and other similarly-situated store managers were "employees" of Defendants within the meaning of the 29 U.S.C. § 203(e) the MFWSA.

12.     At all relevant times herein, Plaintiff and other similarly-situated store managers were employed by Defendants within the applicable statutory periods pursuant to 29 U.S.C. § 255(a); Article II, § 34a of the Ohio Constitution; and R.C. § 2305.11.

13.     At all relevant times herein, Plaintiff and other similarly-situated store managers are individuals who are, or were, employed as store managers at numerous locations of Defendants' stores across the United States, including in Ohio, during the applicable statutory periods.

14.     Defendant Genesco, Inc., is a for profit corporation, retailer, and wholesaler of stores engaged in selling headwear in retail stores in Ohio and across the United States, organized under Tennessee law, with its principal place of business at 1415 Murfreesboro Pike Street, Nashville, Tennessee 37217.

15.     Defendant Hat World, Inc., d/b/a LIDS Sports Group, is a subsidiary of Genesco, Inc., and is a retailer and wholesaler of stores engaged in selling headwear in retail stores in Ohio and across the United States, organized under Minnesota law, with its principal place of business at 7555 Woodland Drive, Indianapolis, Indiana 46278.

16.     At all relevant times herein, Defendants were "employers" of Plaintiff and other similarly-situated store managers within the meaning of the 29 U.S.C. § 203(d) and the OMFWSA.

17.     At all relevant times herein, Defendants were, and continue to be, enterprises in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) and the OMFWSA.

18.     At all times relevant herein, and upon information and belief, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as

they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

19.     Defendants' annual gross revenues each exceeded $500,000.00 per year.

20.     At all times relevant herein, Plaintiff and other similarly-situated store managers were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

21.     Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

22.     Defendants operate smaller-format retail stores in which headwear is the product primarily sold, and Defendants' stores operate under several names, including "Lids," "Lids Locker Room," and "Hat World."

23.     Plaintiff was employed as a non-exempt store manager.

24.     Other similarly-situated employees were employed by Defendant as non-exempt store managers.

25.     Plaintiff and other similarly-situated store managers worked over 40 hours a week.

26.     Plaintiff Julia Shumate estimates that she worked approximately 50-60 hours, or more, per week, on average.  She was required to work a minimum number of hours over 40 to be a manager.

27.     Plaintiff and other similarly-situated store managers sold Defendants' goods and performed other work directly related to the selling of Defendants' goods.

28.     Defendants apply the same employment, timekeeping, and payroll policies, practices, and procedures to all store managers in the United States.

29.     To the extent this Complaint alleges facts regarding Plaintiff's job duties, responsibilities, rate of pay and requirement of overtime hours being worked, all store managers for Defendants, pursuant to Defendants' policies, practices and procedures, had the same work experience.

30.     Likewise, to the extent this Complaint alleges certain nationwide policies, practices and/or procedures of Defendants, those policies, practices and/or procedures were applied to Plaintiff and other similarly-situated store managers alike.

31.     Store managers almost exclusively worked alone during their shifts, without the assistance of other managers and/or associates.

32.     Defendants have maintained control, oversight, and direction over Plaintiff and other similarly-situated store managers regarding timekeeping, payroll, and other employment practices that applied to them.

### (Failure to Pay Overtime Compensation to Store Managers At the Default Rate of One and One-Half Times Their Regular Rate of Pay)

33.     Plaintiff and similarly-situated store managers were not paid overtime compensation at the rate of one and one-half times their regular rate of pay (calculated by dividing their weekly base salary by 40 hours).

34.     Instead, their overtime was calculated at the rate of one-half times their regular rate of pay (calculated by dividing their weekly base salary by the total number of hours they worked each week).

35.     In addition to their overtime, Plaintiff and similarly-situated store managers were paid discretionary bonuses/commissions.

36.     The bonuses for store performance were tied to hours worked by store managers in various ways, including that store managers were required to work a certain amount of hours to be

eligible and the more hours they worked the more likely they were to receive the bonus.  Many bonuses were based upon a formula, where working more hours would result in getting a bonus or a higher bonus.  Store managers, who worked more hours, would be more likely to receive bonuses/commissions for a variety of reasons which include higher profitability due to store manager's artificially lower overtime rate, which was lower than minimum wage subordinates.

37.     Store managers set their hours based upon store goals, which goals directly affected bonuses and commissions.

38.     Store managers were required to work a certain number of hours to even be eligible for bonuses/commissions.

39.     The bonuses for embroideries were closely tied to hours worked by store managers, including that store managers were required to work a certain amount of hours to be eligible, the more hours they worked the more likely they were to receive the bonus, store managers were often the only persons who did and/or were able to embroidery (requiring the store manager to always be in the store), and store managers were directly responsible for problems that resulted with the embroidery equipment.  Moreover, there were premium hours where more embroidery sales would occur resulting in higher commissions if those hours were worked.

40.     Defendant attempted to pay Plaintiff and similarly-situated store managers overtime compensation according to the U.S. Department of Labor's Fluctuating Workweek ("FWW") method of payment found at 29 C.F.R. § 778.114.

41.     However, the FWW method of payment requires an employer to pay its employee a fixed straight time pay rate which remains the same regardless of the number of hours the employee works during the week.  *See* 29 C.F.R. § 778.114.

42.     Plaintiff and other similarly-situated store managers were not paid a fixed straight pay rate because of bonuses/commissions they were paid.  Rather, in addition to the "base salary" they received each week, Plaintiff and other similarly-situated store managers received bonuses/commissions based numerous factors which were tethered to hours worked.

43.     On April 5, 2011, the U.S. Department of Labor published a final rule stating that the payment of bonuses is incompatible with the FWW method ("The Department has carefully considered all of the comments submitted on this section. While the Department continues to believe that the payment of bonus and premium payments can be beneficial for employees in many other contexts, we have concluded that unless such payments are overtime premiums, they are incompatible with the fluctuating workweek method of computing overtime under section 778.114.")

44.     Plaintiff and other similarly-situated store managers were also not paid a fixed straight time rate because of unlawful wage deductions.

45.     During certain periods of time, Defendants docked the pay of Plaintiff and other similarly-situated store managers, and failed to pay them the minimum wage.

46.     From December 14, 2014 to December 27, 2014, Plaintiff worked 55.79 hours of overtime and was paid at a rate of one-and-one-half times her regular rate for hours over 40, totaling at least $965.60 of unpaid overtime compensation.

47.     During the next three pay periods ending on January 10, 2015, January 24, 2015, and February 7, 2015, Defendants deducted, without Plaintiff's consent, at least $321.86 from each of Plaintiff's paychecks, for a total of $965.58 in wage deductions, to rescind overtime compensation already paid to Plaintiff from December 14, 2014 to December 27, 2014.

48.     These deductions dropped Plaintiff's wages below minimum wage for that period.

49.     Defendants made improper wage deductions of this nature to other store managers.

50.     As a result of Defendants' unlawful use of the FWW method in calculating overtime compensation, Plaintiff and other similarly-situated store managers are entitled to back overtime compensation using the default method of calculating overtime at one and one-half times their regular rate of pay for the hours they worked over 40 each workweek.

**(Failure to Pay Minimum Wage and Wages for All Hours Worked)**

51.     As a result of the aforementioned wage deductions in Paragraphs 42 and 43, Defendants failed to pay Plaintiff at least the minimum wage for all hours worked.

52.     Defendants made similar improper wage deductions of this nature to the pay of other store managers.

53.     As a result of the improper deductions made to the pay of Plaintiff and other similarly-situated store manager, Defendant failed to pay Plaintiff and other similarly-situated store managers at least the minimum wage for all hours worked.

## COLLECTIVE ACTION ALLEGATIONS

54.     Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

55.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All former and current store managers of Genesco, Inc. and/or Hat World, Inc., d/b/a LIDS Sports Group who were paid overtime

9

under the fluctuating workweek method at any time between February 2, 2014 and the present.

56.     Such persons are "similarly-situated" with respect to Defendants' FLSA violations in that all were store managers employed by Defendants, all were paid by Defendants under the FWW method, all were subjected to and injured by the same or similar unlawful, uniform practices of failing to pay overtime compensation and/or minimum wages to store managers, and all have claims against Defendants for unpaid overtime compensation and/or minimum wages, as well as for liquidated damages, attorneys' fees, and costs.

57.     Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief aver that it consists of several hundred persons.

58.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former store managers are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as her own, in bringing this action.

59.     Application of Defendants' illegal pay practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

60.     Plaintiff and other similarly-situated store managers are victims of Defendants' widespread, repeated, systematic, and consistent illegal policies and practices that have resulted in the non-payment of minimum wage, overtime, and other wages for all hours worked.

61.     These similarly-situated store managers are known to Defendants and are readily identifiable through Defendants' business and payroll records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of

collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

62.     Defendants knowingly, willfully, and/or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation and/or minimum wages with respect to Plaintiff and other similarly-situated store managers.

## CLASS ACTION ALLEGATIONS

63.     Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf herself and all other members of the class ("the Ohio Class") defined as:

> All former and current store managers of Genesco, Inc. and/or Hat World, Inc., d/b/a LIDS Sports Group who were employed in Ohio and paid overtime under the fluctuating workweek method at any time between February 2, 2014 and the present.

64.     The Ohio Rule 23 Subclasses are so numerous that joinder of all members is impractical and inefficient, such that the requirement of Rule 23(a) are met. The precise number of class members is unknown, and the facts on which that number can be ascertained are presently within the sole control of Defendants.  Defendants currently have in excess of 20 stores in the State of Ohio each of which has at least one manager and during the period of the Statute of Limitations have likely had numerous store managers, due to the high rate of turnover of Defendants' managers due to poor working conditions.

65.     There are questions of law and fact common to the members of the Ohio Rule 23 Subclasses that predominate over any questions solely affecting the individual members, including:

> a.  whether Defendants unlawfully used the FWW in calculating the overtime compensation of named Plaintiff Julia Shumate and other member of the Ohio Class;

b.  whether Defendant, as a result of unlawfully using the FWW to calculate their overtime compensation, violated Ohio Revised Code § 4111.03 by failing to pay named Plaintiff Julia Shumate and other members of the Ohio Class at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked;

c.  whether Defendants failed to pay Plaintiff and the Ohio Class the legally required minimum wage under Article II, § 34a of the Ohio Constitution and the MFWSA;

d.  whether Defendants are liable for all damages claimed by Plaintiff and the Ohio Class, including compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees;

e.  what amount of monetary relief will compensate Plaintiff and the Ohio Class for Defendants' violation of R.C. §§ 4111.03 and 4111.10; and

f.  whether Defendants should be enjoined from continuing to violate Article II, § 34a of the Ohio Constitution and the MFWSA.

66.  Named Plaintiff Julia Shumate will fairly and adequately protect the interests of the Ohio Class.  Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members.  The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

67.  The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendants' liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

68.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring Ohio Class members to pursue their claims

individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.  Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

69.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

70.    Defendants used the FWW method in calculating the overtime compensation of Plaintiff and other similarly-situated store managers under circumstances not permitted by 29 C.F.R. § 778.114.

71.    As a result of its unlawful use of the FWW in calculating their overtime compensation, Defendants failed to pay named Plaintiff Julia Shumate and other similarly situated current and former store managers at the prescribed rate of one and one-half times the employees' regular wage rates for all of the hours they worked over 40 each workweek, in violation of 29 U.S.C. § 207 and other provisions of the FLSA and regulations thereunder.

72.    Based on Defendants' improper paycheck deductions alleged herein, Defendants failed to comply with the requirements of the FLSA, including 29 U.S.C. § 206, by not paying Plaintiff and other similarly-situated current and former store managers the applicable minimum wage for all of the hours they worked each workweek.

73.    Defendants' practice and policy of not paying Plaintiff and similarly-situated store managers the overtime compensation and/or minimum wages violated the FLSA, 29 U.S.C. §§ 201-219.

74.     As a result of Defendant's practices and policies, Plaintiff and other similarly-situated store managers have been damaged in that they have not received wages due to them pursuant to the FLSA.

75.     Plaintiff and other similarly-situated store managers are entitled to back overtime compensation using the default method of calculating overtime at one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, 29 C.F.R. 778.113.

76.     By engaging in the above-described practices and policies, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA

77.     As a result of Defendants' willful violations of the FLSA, Plaintiff and other similarly-situated store managers have suffered and will continue to suffer a loss of income and other damages, which entitles Plaintiff and other similarly-situated store managers to certain relief, including payment of all unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

78.     Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff's and all similarly-situated store managers' minimum wage and overtime as required by law.

79.     By engaging in these practices, Defendants have willfully violated the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03 and 4111.14)

80.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

81.     Defendants are an "employer" within the meaning of Ohio Revised Code § 4111.03(D)(2).

82.    Named Plaintiff Julia Shumate and other members of the Ohio Class are "employees" meaning of Ohio Revised Code § 4111.03(D)(3).

83.    R.C. 4111.03 provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Fair Labor Standards Act of 1938,' 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended."

84.    Having used the FWW method under circumstances not permitted by 29 C.F.R. § 778.114, Defendants failed to pay overtime compensation to named Plaintiff Julia Shumate and other members of the Ohio Class "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Fair Labor Standards Act of 1938,' 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended."   On the contrary, Defendants' payments of overtime compensation to named Plaintiff Julia Shumate and other Ohio Class members violated section 7 of the FLSA, 29 U.S.C § 207, and therefore violated R.C. 4111.03.

85.    Defendants' practice and policy of not paying Plaintiff and other similarly-situated store managers the applicable minimum wage for all of the hours they worked each workweek violated the OMFWSA, O.R.C. 4111.14

86.    As a result of Defendants' violations of R.C. §§ 4111.03 and 4111.14, Plaintiff and other members of the Ohio Class have been damaged in that they have not received wages due to them pursuant to R.C. §§ 4111.03 and 4111.14.

87.    Plaintiff and other members of the Ohio Class are entitled to back overtime compensation using the default method of calculating overtime at one and one-half times their

regular rate of pay for the hours they worked over 40 each workweek, Ohio Revised Code §
4111.03 and § 4111.10.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this
Honorable Court find Defendants jointly and severally liable, and:

     A.     Issue an order permitting this litigation to proceed as a collective action pursuant
to 29 U.S.C. § 216(b) and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

     B.     Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that
this litigation is pending and that they have the right to "opt in" to this litigation;

     C.     Award Plaintiff and the classes she represents actual damages for unpaid overtime
compensation;

     D.     Award Plaintiff and the classes she represents liquidated damages equal in
amount to the unpaid overtime compensation found due to Plaintiff and the classes;

     E.     Award Plaintiff and the classes she represents pre- and post-judgment interest at
the statutory rate;

     F.     Award Plaintiff and the classes she represents attorneys' fees, costs, and
disbursements; and

     G.     Award Plaintiff and the classes she represents further and additional relief as this
Court deems just and proper.

Respectfully submitted,


/s/ Patrick Kasson
Patrick Kasson (0055570) (Trial Counsel)
**REMINGER CO., L.P.A.**
200 Civic Center Drive, Suite 800

Columbus, Ohio 43215
Phone: (614) 232-2418
Fax:    (614) 232-2410
pkasson@reminger.com

/s/ Houston Hum
Houston Hum (31352-49)
**REMINGER CO., L.P.A.**
College Park Plaza
8909 Purdue Road, Suite 200
Indianapolis, Indiana 46268
Phone: (317) 663-8570
Fax:    (317) 228-0943
hhum@reminger.com

/s/ Anthony J. Lazzaro
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
lori@lazzarolawfirm.com

*Attorneys for Plaintiff*

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Patrick Kasson
Patrick Kasson (0055570) (Trial Counsel)

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2018, a copy of the foregoing *Plaintiff's Second Amended Class and Collective Action Complaint* was sent to all parties by operation of the Court's electronic filing system.  Parties may access the filing through the Court's system.

/s/ Patrick Kasson
One of the Attorneys for Plaintiffs