## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| JULIA E. SHUMATE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  1:17-cv-3574-RLY-MPB |
| | ) | |
| vs. | ) | Judge Richard L. Young |
| | ) | |
| GENESCO, INC., HAT WORLD, INC. d/b/a | ) | Magistrate Judge Matthew P. Brookman |
| LIDS SPORTS GROUP, JOHN DOE | ) | |
| DEFENDANTS NOS. 1-5 and UNKNOWN | ) | |
| and ABC ENTITY DEFENDANTS NOS. 1- | ) | |
| 5, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER TO PLAINTIFF'S SECOND AMENDED
## CLASS AND COLLECTIVE ACTION COMPLAINT

Defendants Genesco, Inc. ("Genesco") and Hat World, Inc. ("Hat World") (collectively referred to as "Defendants"), as and for their Answer to Plaintiff's Second Amended Class and Collective Action Complaint, state as follows:

### INTRODUCTION

1.     This is a "collective action" instituted by Plaintiff Julia Shumate to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of Ohio Revised Code §§ 4111.03 and 4111.14 on behalf of a class of Ohio employees represented by named Plaintiff Julia Shumate.

**ANSWER:**

Defendants admit that Plaintiff purports to bring the action described in this Paragraph and purports to seek to represent the persons described in this Paragraph.  Defendants deny violation of any law.  Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.  Except as so admitted, Defendants deny the allegations in this Paragraph.

2.    Named Plaintiff Julia Shumate and other similarly-situated store managers were employed by Defendants as non-exempt, salaried, store managers. In violation of the FLSA, Defendants failed to pay Plaintiff and other similarly-situated store managers overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, and attempted to pay them one-half times their regular rate of pay according to the U.S. Department of Labor's Fluctuating Workweek ("FWW") method of payment. Defendants, however, unlawfully used the FWW method of payment by failing to pay Plaintiff and other similarly-situated store managers a fixed weekly straight time pay rate . By unlawfully using the FWW method of payment, Defendants also violated Ohio Revised Code § 4111.03 in as much as Defendants failed to pay named Plaintiff Julia Shumate and other members of the Ohio class at the prescribed rate of one and one-half times their regular wage rate of pay.

**ANSWER:**

Defendants admit that Plaintiff is a former employee of Hat World, and deny that Plaintiff

was ever employed by Genesco.  Defendants further deny that Plaintiff is similarly situated to the

persons she seeks to represent and deny that this case can be maintained as a collective or class

action.  Except as so admitted, Defendants deny the allegations in this Paragraph.

3.    Additionally, Defendants made improper paycheck deductions from the paychecks of Plaintiff and other similarly-situated store managers, which resulted in Defendants' failure to comply with the requirements of the FLSA, including 29 U.S.C. § 206, and R.C. § 4111.10, by not paying Plaintiff and other similarly-situated current and former store managers the applicable minimum wage for all of the hours they worked each workweek. This also invalidates any attempt to use the FWW method.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff

is similarly situated to the persons she seeks to represent and deny that this case can be maintained

as a class.

**JURISDICITON AND VENUE**

4.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

**ANSWER:**

This Paragraph is a legal conclusion to which no response is required.  To the extent that a

response is required, Defendants admit the allegations in this Paragraph.

5.     This Court has supplemental jurisdiction over Plaintiff's Ohio law and Ohio Constitutional claims pursuant to 28 U.S.C. § 1367.

**ANSWER:**

This Paragraph is a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny that this case includes any "Ohio Constitutional claims." Defendants otherwise admit the allegations in this Paragraph.

6.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business within this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**ANSWER:**

Hat World admits that it conducts business within the Southern District of Indiana.  The remaining allegations in this Paragraph regarding personal jurisdiction are legal conclusions to which no response is required.

7.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

This Paragraph is a legal conclusion to which no response is required.

## PARTIES

8.     At all relevant times herein, Plaintiff Julia Shumate was a citizen of the United States and is an individual residing at 694 Garfield Avenue Apartment D, Newark, Ohio 43055.

**ANSWER:**

Defendants admit that Plaintiff Julia Shumate is an individual.  Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

9.     At all relevant times herein, Plaintiff was employed by Defendants from November 2010 until June 2015, including from November 2010 to December 2014 as an "assistant manager" at Defendants' Lids Store located at Easton Town Center, Columbus, Ohio 43219, and from

December 2014 to June 2015 as a "store manager" at Defendants' Lids Store located at Polaris Fashion Place, 1500 Polaris Park, Columbus, Ohio 43240.

**ANSWER:**

Defendants deny the allegations in this Paragraph as they pertain to Genesco.  Defendants admit the allegations in this Paragraph as they pertain to Hat World.

10.    Plaintiff has given written consent to bring this action to collect unpaid wages. (See Doc. No. 1).

**ANSWER:**

Defendants admit that a document purporting to be Plaintiff's written consent to bring this action is attached to the original Complaint as Exhibit A.  Defendants deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.  Except as so admitted, Defendants deny the allegations in this Paragraph.

11.    At all relevant times herein, Plaintiff and other similarly-situated store managers were "employees" of Defendants within the meaning of the 29 U.S.C. § 203(e) the MFWSA.

**ANSWER:**

Whether anyone was an employee is a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit that Plaintiff was an employee of Hat World and deny that Plaintiff was ever an employee of Genesco.  Defendants deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.  Except as so admitted, Defendants deny the allegations in this Paragraph.

12.    At all relevant times herein, Plaintiff and other similarly-situated store managers were employed by Defendants within the applicable statutory periods pursuant to 29 U.S.C. § 255(a); Article II, § 34a of the Ohio Constitution; and R.C. § 2305.11.

**ANSWER:**

What statute of limitations is applicable is a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in this Paragraph. Defendants deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action. Except as so admitted, Defendants deny the allegations in this Paragraph.

13. At all relevant times herein, Plaintiff and other similarly-situated store managers are individuals who are, or were, employed as store managers at numerous locations of Defendants' stores across the United States, including in Ohio, during the applicable statutory periods.

**ANSWER:**

What statute of limitations is applicable is a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in this Paragraph as they pertain to Genesco. Defendants admit that Plaintiff was employed by Hat World as a store manager at a location in the United States. Defendants deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action. Except as so admitted, Defendants deny the allegations in this Paragraph.

14. Defendant Genesco, Inc., is a for profit corporation, retailer, and wholesaler of stores engaged in selling headwear in retail stores in Ohio and across the United States, organized under Tennessee law, with its principal place of business at 1415 Murfreesboro Pike Street, Nashville, Tennessee 37217.

**ANSWER:**

Defendants admit that Genesco is incorporated in Tennessee with its principal place of business at 1415 Murfreesboro Road, Nashville, TN 37202. Except as so admitted, Defendants deny the allegations in this Paragraph.

15.    Defendant Hat World, Inc., d/b/a LIDS Sports Group, is a subsidiary of Genesco, Inc., and is a retailer and wholesaler of stores engaged in selling headwear in retail stores in Ohio and across the United States, organized under Minnesota law, with its principal place of business at 7555 Woodland Drive, Indianapolis, Indiana 46278.

**ANSWER:**

Defendants admit that Hat World is incorporated in Minnesota, is a subsidiary of Genesco, is a retailer and wholesaler of various products including headwear, and has retail stores in Ohio and elsewhere in the United States, and is headquartered in Indiana.  Except as so admitted, Defendants deny the allegations in this Paragraph.

16.    At all relevant times herein, Defendants were "employers" of Plaintiff and other similarly-situated store managers within the meaning of the 29 U.S.C. § 203(d) and the OMFWSA.

**ANSWER:**

Whether Defendants were "employers" of Plaintiff is a legal conclusion to which no response is required.  To the extent that a response is required, Defendants admit that Hat World was an employer of Plaintiff and deny that Genesco was ever an employer of Plaintiff.  Defendants deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.  Except as so admitted, Defendants deny the allegations in this Paragraph.

17.    At all relevant times herein, Defendants were, and continue to be, enterprises in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) and the OMFWSA.

**ANSWER:**

This Paragraph is a legal conclusion to which no response is required.

18.    At all times relevant herein, and upon information and belief, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

19.     Defendants' annual gross revenues each exceeded $500,000.00 per year.

**ANSWER:**

Defendants admit the allegations in this Paragraph.

20.     At all times relevant herein, Plaintiff and other similarly-situated store managers were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**ANSWER:**

Whether anyone was an employee engaged in commerce or in the production of goods for

commerce is a legal conclusion to which no response is required.  To the extent that a response is

required, Defendants admit that Plaintiff was an employee of Hat World and deny that Plaintiff

was ever an employee of Genesco.  Defendants deny that Plaintiff is similarly situated to the

persons she seeks to represent and deny that this case can be maintained as a collective or class

action.  Except as so admitted, Defendants deny the allegations in this Paragraph.

21.     Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

**ANSWER:**

Defendants deny the allegations in this Paragraph.

## FACTUAL ALLEGATIONS

22.     Defendants operate smaller-format retail stores in which headwear is the product primarily sold, and Defendants' stores operate under several names, including "Lids," "Lids Locker Room," and "Hat World."

**ANSWER:**

Defendants admit that Hat World operates stores under several names, including "Lids," "Lids Locker Room," and "Hat World."  Except as so admitted, Defendants deny the allegations in this Paragraph.

23.    Plaintiff was employed as a non-exempt store manager.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

24.    Other similarly-situated employees were employed by Defendant as non-exempt store managers.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.

25.    Plaintiff and other similarly-situated store managers worked over 40 hours a week.

**ANSWER:**

Defendants admit that Plaintiff worked more than 40 hours in some weeks.  Defendants deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.  Except as so admitted, Defendants deny the allegations in this Paragraph.

26.    Plaintiff Julia Shumate estimates that she worked approximately 50-60 hours, or more, per week, on average. She was required to work a minimum number of hours over 40 to be a manager.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in the first sentence of this Paragraph and therefore deny the same.  Defendants deny the allegations in the second sentence of this Paragraph.

27.    Plaintiff and other similarly-situated store managers sold Defendants' goods and performed other work directly related to the selling of Defendants' goods.

**ANSWER:**

Defendants admit that Plaintiff was allowed to sell Hat World's goods and performing work directly related to the selling of Hat World's goods, but deny that this was her primary duty.  Defendants deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.  Except as so admitted, Defendants deny the allegations in this Paragraph.

28.    Defendants apply the same employment, timekeeping, and payroll policies, practices, and procedures to all store managers in the United States.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

29.    To the extent this Complaint alleges facts regarding Plaintiff's job duties, responsibilities, rate of pay and requirement of overtime hours being worked, all store managers for Defendants, pursuant to Defendants' policies, practices and procedures, had the same work experience.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

30.    Likewise, to the extent this Complaint alleges certain nationwide policies, practices and/or procedures of Defendants, those policies, practices and/or procedures were applied to Plaintiff and other similarly-situated store managers alike.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff

is similarly situated to the persons she seeks to represent and deny that this case can be maintained

as a collective or class action.

31.     Store managers almost exclusively worked alone during their shifts, without the assistance of other managers and/or associates.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

32.     Defendants have maintained control, oversight, and direction over Plaintiff and other similarly-situated store managers regarding timekeeping, payroll, and other employment practices that applied to them.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff

is similarly situated to the persons she seeks to represent and deny that this case can be maintained

as a collective or class action.

### (Failure to Pay Overtime Compensation to Store Managers
### At the Default Rate of One and One-Half Times Their Regular Rate of Pay)

33.     Plaintiff and similarly-situated store managers were not paid overtime compensation at the rate of one and one-half times their regular rate of pay (calculated by dividing their weekly base salary by 40 hours).

**ANSWER:**

Defendants admit that Hat World used the fluctuating workweek method of overtime

compensation.   Except as so admitted, Defendants deny the allegations in this Paragraph.

Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and

deny that this case can be maintained as a collective or class action.

34.     Instead, their overtime was calculated at the rate of one-half times their regular rate of pay (calculated by dividing their weekly base salary by the total number of hours they worked each week).

**ANSWER:**

Defendants admit that Hat World used the fluctuating workweek method of overtime

compensation.   Except as so admitted, Defendants deny the allegations in this Paragraph.

Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and

deny that this case can be maintained as a collective or class action.

35.     In addition to their overtime, Plaintiff and similarly-situated store managers were
paid discretionary bonuses/commissions.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

36.     The bonuses for store performance were tied to hours worked by store managers in
various ways, including that store managers were required to work a certain amount of hours to be
eligible and the more hours they worked the more likely they were to receive the bonus. Many
bonuses were based upon a formula, where working more hours would result in getting a bonus or
a higher bonus. Store managers, who worked more hours, would be more likely to receive
bonuses/commissions for a variety of reasons which include higher profitability due to store
manager's artificially lower overtime rate, which was lower than minimum wage subordinates.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

37.     Store managers set their hours based upon store goals, which goals directly affected
bonuses and commissions.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

38.     Store managers were required to work a certain number of hours to even be eligible
for bonuses/commissions.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

39.     The bonuses for embroideries were closely tied to hours worked by store managers,
including that store managers were required to work a certain amount of hours to be eligible, the
more hours they worked the more likely they were to receive the bonus, store managers were often
the only persons who did and/or were able to embroidery (requiring the store manager to always

be in the store), and store managers were directly responsible for problems that resulted with the embroidery equipment. Moreover, there were premium hours where more embroidery sales would occur resulting in higher commissions if those hours were worked.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

40.     Defendant attempted to pay Plaintiff and similarly-situated store managers overtime compensation according to the U.S. Department of Labor's Fluctuating Workweek ("FWW") method of payment found at 29 C.F.R. § 778.114.

**ANSWER:**

Defendants admit that Hat World used the fluctuating workweek method of overtime

compensation.   Except as so admitted, Defendants deny the allegations in this Paragraph.

Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and

deny that this case can be maintained as a collective or class action.

41.     However, the FWW method of payment requires an employer to pay its employee a fixed straight time pay rate which remains the same regardless of the number of hours the employee works during the week.  See 29 C.F.R. § 778.114.

**ANSWER:**

This Paragraph is a legal conclusion to which no response is required.

42.     Plaintiff and other similarly-situated store managers were not paid a fixed straight pay rate because of bonuses/commissions they were paid. Rather, in addition to the "base salary" they received each week, Plaintiff and other similarly-situated store managers received bonuses/commissions based numerous factors which were tethered to hours worked.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

43.     On April 5, 2011, the U.S. Department of Labor published a final rule stating that the payment of bonuses is incompatible with the FWW method ("The Department has carefully considered all of the comments submitted on this section. While the Department continues to believe that the payment of bonus and premium payments can be beneficial for employees in many other contexts, we have concluded that unless such payments are overtime premiums, they are incompatible with the fluctuating workweek method of computing overtime under section 778.114.")

**ANSWER:**

Defendants deny that Plaintiff has fully and accurately characterized the uncited quotation in this Paragraph, and further deny the allegations in this Paragraph.

44.     Plaintiff and other similarly-situated store managers were also not paid a fixed straight time rate because of unlawful wage deductions.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.

45.     During certain periods of time, Defendants docked the pay of Plaintiff and other similarly-situated store managers, and failed to pay them the minimum wage.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.

46.     From December 14, 2014 to December 27, 2014, Plaintiff worked 55.79 hours of overtime and was paid at a rate of one-and-one-half times her regular rate for hours over 40, totaling at least $965.60 of unpaid overtime compensation.

**ANSWER:**

Defendants admit that Plaintiff worked 55.79 hours of overtime from December 14, 2014 to December 27, 2014.  Except as so admitted, Defendants deny the allegations in this Paragraph.

47.     During the next three pay periods ending on January 10, 2015, January 24, 2015, and February 7, 2015, Defendants deducted, without Plaintiff's consent, at least $321.86 from each of Plaintiff's paychecks, for a total of $965.58 in wage deductions, to rescind overtime compensation already paid to Plaintiff from December 14, 2014 to December 27, 2014.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

48.     These deductions dropped Plaintiff's wages below minimum wage for that period.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

49.     Defendants made improper wage deductions of this nature to other store managers.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

50.     As a result of Defendants' unlawful use of the FWW method in calculating overtime compensation, Plaintiff and other similarly-situated store managers are entitled to back overtime compensation using the default method of calculating overtime at one and one-half times their regular rate of pay for the hours they worked over 40 each workweek.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff

is similarly situated to the persons she seeks to represent and deny that this case can be maintained

as a collective or class action.

**(Failure to Pay Minimum Wage and Wages for All Hours Worked)**

51.     As a result of the aforementioned wage deductions in Paragraphs 42 and 43, Defendants failed to pay Plaintiff at least the minimum wage for all hours worked.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

52.     Defendants made similar improper wage deductions of this nature to the pay of other store managers.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

53.     As a result of the improper deductions made to the pay of Plaintiff and other similarly-situated store manager, Defendant failed to pay Plaintiff and other similarly-situated store managers at least the minimum wage for all hours worked.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.

## COLLECTIVE ACTION ALLEGATIONS

54.     Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

**ANSWER:**

Defendants admit that Plaintiff purports to bring the action described in this Paragraph and purports to seek to represent the persons described in this Paragraph.  Defendants deny violation of any law.  Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.  Except as so admitted, Defendants deny the allegations in this Paragraph.

55.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All former and current store managers of Genesco, Inc. and/or Hat World, Inc., d/b/a LIDS Sports Group who were paid overtime under the fluctuating workweek method at any time between February 2, 2014 and the present.

**ANSWER:**

Defendants admit that Plaintiff purports to bring the action described in this Paragraph and purports to seek to represent the persons described in this Paragraph.  Defendants deny violation of any law.  Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.  Except as so admitted, Defendants deny the allegations in this Paragraph.

56.     Such persons are "similarly-situated" with respect to Defendants' FLSA violations in that all were store managers employed by Defendants, all were paid by Defendants under the FWW method, all were subjected to and injured by the same or similar unlawful, uniform practices of failing to pay overtime compensation and/or minimum wages to store managers, and all have claims against Defendants for unpaid overtime compensation and/or minimum wages, as well as for liquidated damages, attorneys' fees, and costs.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

57.     Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief aver that it consists of several hundred persons.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief regarding the truth

of the allegations in this Paragraph and therefore deny the same.  Defendants further deny that

Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be

maintained as a collective or class action.

58.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former store managers are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as her own, in bringing this action.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

59.     Application of Defendants' illegal pay practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

60.     Plaintiff and other similarly-situated store managers are victims of Defendants' widespread, repeated, systematic, and consistent illegal policies and practices that have resulted in the non-payment of minimum wage, overtime, and other wages for all hours worked.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.

61.     These similarly-situated store managers are known to Defendants and are readily identifiable through Defendants' business and payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.

62.     Defendants knowingly, willfully, and/or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation and/or minimum wages with respect to Plaintiff and other similarly-situated store managers.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.

## CLASS ACTION ALLEGATIONS

63.     Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf herself and all other members of the class ("the Ohio Class") defined as:

> All former and current store managers of Genesco, Inc. and/or Hat World, Inc., d/b/a LIDS Sports Group who were employed in Ohio and paid overtime under the fluctuating workweek method at any time between February 2, 2014 and the present.

**ANSWER:**

Defendants admit that Plaintiff purports to bring the action described in this Paragraph and purports to seek to represent the persons described in this Paragraph. Defendants deny violation of any law. Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action. Except as so admitted, Defendants deny the allegations in this Paragraph.

64. The Ohio Rule 23 Subclasses are so numerous that joinder of all members is impractical and inefficient, such that the requirement of Rule 23(a) are met. The precise number of class members is unknown, and the facts on which that number can be ascertained are presently within the sole control of Defendants. Defendants currently have in excess of 20 stores in the State of Ohio each of which has at least one manager and during the period of the Statute of Limitations have likely had numerous store managers, due to the high rate of turnover of Defendants' managers due to poor working conditions.

**ANSWER:**

What statute of limitations is applicable is a legal conclusion to which no response is required. Hat World admits that it currently has more than 20 stores in Ohio. Except as so admitted, Defendants deny the allegations in this Paragraph. Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.

65. There are questions of law and fact common to the members of the Ohio Rule 23 Subclasses that predominate over any questions solely affecting the individual members, including:

  a. whether Defendants unlawfully used the FWW in calculating the overtime compensation of named Plaintiff Julia Shumate and other member of the Ohio Class;

  b. whether Defendant, as a result of unlawfully using the FWW to calculate their overtime compensation, violated Ohio Revised Code § 4111.03 by failing to pay named Plaintiff Julia Shumate and other members of the Ohio Class at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked;

  c.  whether Defendants failed to pay Plaintiff and the Ohio Class the legally required minimum wage under Article II, § 34a of the Ohio Constitution and the MFWSA;

  d.  whether Defendants are liable for all damages claimed by Plaintiff and the Ohio Class, including compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees;

  e.  what amount of monetary relief will compensate Plaintiff and the Ohio Class for Defendants' violation of R.C. §§ 4111.03 and 4111.10; and

  f.  whether Defendants should be enjoined from continuing to violate Article II, § 34a of the Ohio Constitution and the MFWSA.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.

66.  Named Plaintiff Julia Shumate will fairly and adequately protect the interests of the Ohio Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members.  The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.

67.  The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendants' liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff

is similarly situated to the persons she seeks to represent and deny that this case can be maintained

as a collective or class action.

68.     A class action is superior to other available methods for the fair and efficient
adjudication of this controversy.  Requiring Ohio Class members to pursue their claims
individually would entail a host of separate suits, with concomitant duplication of costs, attorneys'
fees, and demands on court resources.  Many Ohio Class members' claims are sufficiently small
that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims
individually.  Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be
adjudicated for all class members with the efficiencies of class litigation.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff

is similarly situated to the persons she seeks to represent and deny that this case can be maintained

as a collective or class action.

## COUNT ONE
### (Fair Labor Standards Act Violations)

69.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten
herein.

**ANSWER:**

Defendants restate and incorporate by reference their Answers to the preceding Paragraphs

as if fully incorporated herein.

70.     Defendants used the FWW method in calculating the overtime compensation of
Plaintiff and other similarly-situated store managers under circumstances not permitted by 29
C.F.R. § 778.114.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

71.     As a result of its unlawful use of the FWW in calculating their overtime
compensation, Defendants failed to pay named Plaintiff Julia Shumate and other similarly situated
current and former store managers at the prescribed rate of one and one-half times the employees'

regular wage rates for all of the hours they worked over 40 each workweek, in violation of 29 U.S.C. § 207 and other provisions of the FLSA and regulations thereunder.

**ANSWER:**

Defendants deny the allegations in this Paragraph. Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.

72.     Based on Defendants' improper paycheck deductions alleged herein, Defendants failed to comply with the requirements of the FLSA, including 29 U.S.C. § 206, by not paying Plaintiff and other similarly-situated current and former store managers the applicable minimum wage for all of the hours they worked each workweek.

**ANSWER:**

Defendants deny the allegations in this Paragraph. Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.

73.     Defendants' practice and policy of not paying Plaintiff and similarly-situated store managers the overtime compensation and/or minimum wages violated the FLSA, 29 U.S.C. §§ 201-219.

**ANSWER:**

Defendants deny the allegations in this Paragraph. Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.

74.     As a result of Defendant's practices and policies, Plaintiff and other similarly-situated store managers have been damaged in that they have not received wages due to them pursuant to the FLSA.

**ANSWER:**

Defendants deny the allegations in this Paragraph. Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.

75.     Plaintiff and other similarly-situated store managers are entitled to back overtime compensation using the default method of calculating overtime at one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, 29 C.F.R. 778.113.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff

is similarly situated to the persons she seeks to represent and deny that this case can be maintained

as a collective or class action.

76.     By engaging in the above-described practices and policies, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA

**ANSWER:**

Defendants deny the allegations in this Paragraph.

77.     As a result of Defendants' willful violations of the FLSA, Plaintiff and other similarly-situated store managers have suffered and will continue to suffer a loss of income and other damages, which entitles Plaintiff and other similarly-situated store managers to certain relief, including payment of all unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff

is similarly situated to the persons she seeks to represent and deny that this case can be maintained

as a collective or class action.

78.     Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff's and all similarly-situated store managers' minimum wage and overtime as required by law.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff

is similarly situated to the persons she seeks to represent and deny that this case can be maintained

as a collective or class action.

79.     By engaging in these practices, Defendants have willfully violated the FLSA.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

## COUNT TWO
## (Violations of Ohio Revised Code 4111.03 and 4111.14)

80.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

**ANSWER:**

Defendants restate and incorporate by reference their Answers to the preceding Paragraphs as if fully incorporated herein.

81.     Defendants are an "employer" within the meaning of Ohio Revised Code § 4111.03(D)(2).

**ANSWER:**

This Paragraph is a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that Hat World employed Plaintiff.  Except as so admitted, Defendants deny the allegations in this Paragraph.

82.     Named Plaintiff Julia Shumate and other members of the Ohio Class are "employees" meaning of Ohio Revised Code § 4111.03(D)(3).

**ANSWER:**

This Paragraph is a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff Julia Shumate was employed by Hat World. Defendants deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.  Except as so admitted, Defendants deny the allegations in this Paragraph.

83.     R.C. 4111.03 provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of

section 7 and section 13 of the 'Fair Labor Standards Act of 1938,' 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended."

**ANSWER:**

Defendants admit that Plaintiff has selectively quoted from Ohio Revised Code § 4111.03

but deny that Plaintiff has fully and accurately quoted the statutory provision.

84.     Having used the FWW method under circumstances not permitted by 29 C.F.R. § 778.114, Defendants failed to pay overtime compensation to named Plaintiff Julia Shumate and other members of the Ohio Class "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Fair Labor Standards Act of 1938,' 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended."   On the contrary, Defendants' payments of overtime compensation to named Plaintiff Julia Shumate and other Ohio Class members violated section 7 of the FLSA, 29 U.S.C. § 207, and therefore violated R.C. 4111.03.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff

is similarly situated to the persons she seeks to represent and deny that this case can be maintained

as a collective or class action.

85.     Defendants' practice and policy of not paying Plaintiff and other similarly-situated store managers the applicable minimum wage for all of the hours they worked each workweek violated the OMFWSA, O.R.C. 4111.14

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff

is similarly situated to the persons she seeks to represent and deny that this case can be maintained

as a collective or class action.

86.     As a result of Defendants' violations of R.C. §§ 4111.03 and 4111.14, Plaintiff and other members of the Ohio Class have been damaged in that they have not received wages due to them pursuant to R.C. §§ 4111.03 and 4111.14.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.

87.    Plaintiff and other members of the Ohio Class are entitled to back overtime compensation using the default method of calculating overtime at one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, Ohio Revised Code § 4111.03 and § 4111.10.

**ANSWER:**

Defendants deny the allegations in this Paragraph.  Defendants further deny that Plaintiff is similarly situated to the persons she seeks to represent and deny that this case can be maintained as a collective or class action.

**DEFENSES**

Without admitting any of the allegations of Plaintiff's Complaint, and without admitting or acknowledging that Defendants bear any burden of proof as to any of them, Defendants assert the following additional defenses:

**First Defense**

Genesco was not the employer or joint employer of Plaintiff or any putative collective or class members.

**Second Defense**

Plaintiff was properly paid for all time worked.

**Third Defense**

Plaintiff and some or all putative class and/or collective action members are exempt from, or fall within exemptions from or exceptions to, some or all wage requirements pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, Ohio wage and hour laws and regulations,

and/or other wage and hour laws and regulations.  Plaintiff is exempt under the administrative exemption, executive exemption, combination exemption, and other exemptions and exceptions provided by law, including, but not limited to, the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, Ohio wage and hour laws and regulations, and other wage and hour laws and regulations.

### Fourth Defense

Plaintiff and some or all putative class and/or collective action members are not entitled to any relief because they were not suffered or permitted to work during the time that forms the basis of their claims.  Defendants did not and do not know of, or have reason to know of, Plaintiff or any putative collective or class members performing work that would disqualify them for exemption from state and federal overtime laws.  Accordingly, any time allegedly spent performing such activities does not constitute hours worked or employment for which compensation is due.

### Fifth Defense

Plaintiff's claims and some or all putative collective or class members' claims are barred, in whole or in part, by the equitable doctrines of judicial estoppel, equitable estoppel, unclean hands, laches, waiver, and release.  Prior to the filing of the Complaint, Plaintiff and putative class and/or collective action members never raised the issues alleged in the Complaint, despite numerous opportunities to do so, by bringing issues to the attention of Defendants' management. Because they never raised the issues alleged in their Complaint, Defendants continued to act in reasonable reliance upon their silence.

### Sixth Defense

Plaintiff's claims and some or all putative collective or class members' claims are barred, in whole or in part, to the extent they worked less than forty (40) hours in a week and were paid at or above minimum wage for their time.

### Seventh Defense

Plaintiff's claims and some or all putative collective or class members' claims are barred by the doctrine of payment because Defendants have paid all compensation to which they were legally entitled.

### Eighth Defense

Plaintiff's claims and some or all putative collective or class members' claims are barred, in whole or in part, by the set-offs and recoupments that they owe to Defendants.

### Ninth Defense

Plaintiff's claims and some or all putative collective or class members' claims are barred, in whole or in part, because Defendants' actions or omissions were taken in good faith, in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, interpretations, administrative practices, or enforcement policies of the Wage and Hour Division of the U.S. Department of Labor and/or the Ohio Wage & Hour Administration, and in good faith reliance upon advice of counsel.

### Tenth Defense

Plaintiff's claims and some or all putative collective or class members' claims and damages are barred, in whole or in part, because Defendants' actions or omissions were taken in subjective good faith, with honesty of intention and no actual or constructive notice of a violation and Defendants had reasonable grounds to believe that their conduct complied with the FLSA and with Ohio state law, and Defendants consequently did not "willfully" violate any law.

### Eleventh Defense

Plaintiff's claims and some or all putative collective or class members' claims are barred, in whole or in part, to the extent they failed to follow the terms of their employment.

**Twelfth Defense**

Plaintiff's claims and some or all putative collective or class members' claims are barred, in whole or in part, to the extent they failed to mitigate their damages.

**Thirteenth Defense**

Plaintiff and some or all putative collective or class members are not entitled to any relief because the alleged activities which form the basis of their claims are de minimis.

**Fourteenth Defense**

Plaintiff's claims and some or all putative collective or class members' claims are barred by the applicable statutes of limitations and limitations periods.

**Fifteenth Defense**

Plaintiff's claims and some or all putative collective or class members' claims are barred by the Portal-to-Portal Act.

**Sixteenth Defense**

If and to the extent that Defendants are found liable for any violation, Defendants intend to rely on the fluctuating workweek method and/or alternative methods for calculating the regular rate and overtime provided under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, Ohio wage and hour laws and regulations, and other applicable law and regulations.

**Seventeenth Defense**

Some of Plaintiff's claims and some or all putative collective or class members' claims are barred, in whole or in part, because they are subject to federal preemption.

**Eighteenth Defense**

If and to the extent that Defendants are found liable for any claim, Defendants seek indemnity from and claim an offset against Plaintiff and such collective and/or class members.

**Nineteenth Defense**

Plaintiff's claims cannot be maintained as a class action under Rule 23 to the extent they are preempted by or otherwise inconsistent with the Fair Labor Standards Act, 29 U.S.C. § 216(b).

**Twentieth Defense**

Plaintiff and some or all putative collective or class members' participation in this action should not be allowed to the extent consents to become party plaintiffs in this action are invalid due to lack of information, incorrect and/or misleading information, and/or coercion.

**Twenty-First Defense**

Some or all putative collective or class members have agreed to binding arbitration agreements which require the parties to submit their disputes at issue in this action to individual arbitration and not on a collective or class basis.

**Twenty-Second Defense**

Plaintiff and some or all putative class members cannot maintain claims under R.C. 4111.14 as a class action because it would be inconsistent with R.C. 4111.14(K)(2) which requires that employees must provide "written consent to become… a party plaintiff and that consent (must) be filed with the court in which the action is brought."

**Twenty-Third Defense**

Plaintiff's claims are barred by the doctrines of waiver and estoppel because she has acted inconsistent with the relief she seeks for herself in this action.

**Twenty-Fourth Defense**

Defendants expressly reserve the right to raise additional defenses, amend their Answers and Defenses, and assert counterclaims as they may become known through the course of further investigation and discovery.

WHEREFORE, Defendants respectfully request that judgment be entered against Plaintiff, this action be dismissed in its entirety and with prejudice, and Defendants be awarded their reasonable costs and fees.

Dated: March 23, 2018                                    Respectfully submitted,

                                                        *s/ Joel C. Griswold*
                                                        Joel C. Griswold
                                                        BAKER & HOSTETLER LLP
                                                        SunTrust Center
                                                        200 South Orange Avenue, Suite 2300
                                                        Orlando, Florida  32801-3432
                                                        Telephone:  (312) 416-6238
                                                        jcgriswold@bakerlaw.com
                                                        *Admitted in Illinois; Not Admitted in Florida*

                                                        John C. McIlwee
                                                        Bonnie Keane DelGobbo
                                                        BAKER & HOSTETLER LLP
                                                        191 North Wacker Drive, Suite 3100
                                                        Chicago, Illinois  60606
                                                        Telephone:  (312) 416-6200
                                                        Facsimile:  (312) 416-6201
                                                        jmcilwee@bakerlaw.com
                                                        bdelgobbo@bakerlaw.com

                                                        *Attorneys for Defendants, GENESCO, INC.,*
                                                        *HAT WORLD, INC. d/b/a LIDS SPORTS*
                                                        *GROUP*

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all Counsel of Record who are registered with the Court's CM/ECF system.  I further certify that on March 23, 2018, I served a copy of the foregoing document via First Class U.S. Mail, with postage fully prepaid, to the following:

Anthony J Lazzaro
Lori M. Griffin
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, OH 44113

Kari Hehmeyer
Reminger Co., L.P.A.
200 Civic Center Drive
Suite 800
Columbus, OH 43215

*s/ Joel C. Griswold*

*One of the Attorneys for Defendants Genesco, Inc. and Hat World, Inc., d/b/a Lids Sports Group*

4846-0615-7920.1